THE CONTINENTAL.[1]

CONTINENTAL INS. CO. *v.* THE CONTINENTAL.

*(District Court, E. D. New York.   May 27, 1887.)*

COLLISION—STEAM-BOAT AND TOW—NIGHT—ATTEMPT TO OVERTAKE AND PASS.
    The steam-boat C., in attempting to pass on the port side of a tow which she had overtaken, at night, in the channel between Blackwell's and Long Island, ran into a canal-boat on that side of the tow. The tug had previously, by whistles, assented to the steam-boat's passing her. *Held,* that as it was the steam-boat's duty to have kept out of the way, and as the evidence indicated that the canal-boat had a proper light, and that the tug did not crowd over to the Blackwell's island shore, the steam-boat was in fault for the collision.

In Admiralty.
*Carpenter & Mosher*, for libelant.
*Alfred C. Chapin*, for claimant.

BENEDICT, J.   This action is to recover of the steam-boat Continental the damages caused by a collision between that vessel and the canal-boat

[1] Reported by Edward G. Benedict, Esq., of the New York bar.

Sarah C. Brown, while being towed alongside the tug Dentz, and while passing Blackwell's island on the night of July 12, 1883. The night was clear, and the tide was flood. The tug and tow were ahead of the Continental, as the latter came up to Blackwell's island and on a course to pass between the island and the Long Island shore. While passing the tow on the port side, the canal-boat on the port side of the tow was struck by the Continental. Being the following vessel, and at the time passing the tow ahead, the burden is on the Continental to show that the collision was not caused by fault on her part.

The defense is set up in the answer that the failure of the canal-boat to display a light left the pilot of the Continental in ignorance of the presence of a canal-boat on the port side of the tug, and so caused the collision. The weight of the evidence is that the canal-boat had a light, and the testimony of the captain, pilot, and quartermaster of the Continental is that the collision was not caused by the absence of a light on the canal-boat. The answer also mentions a failure to port on the part of the tow, and giving an assenting reply to the signal of the Continental, as acts of negligence on the part of the tow. These defenses are also disproved by the witnesses from the Continental.

The defense contended for on the trial is a different and new defense, not alluded to in the answer, namely, that the tug crowded over to Blackwell's island, and thereby caused the collision. Considering the statement of the answer, this defense does not demand much attention. It is not credible that the tug, after receiving and replying to the signal of the Continental, indicating an intention on the part of the Continental to pass the tow on the port side, would then, without reason, bear to port. Plainly, no such action on the part of the tug was thought of when the answer was made, and the testimony to that effect given at the trial fails to satisfy me that such was the fact.

The decree must be for the libelant, with a reference to ascertain the amount.